**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN RE: | ) | Case No.: BK 13-_____ |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | **CHAPTER 9** |
| DISTRICT NO. 494 OF DOUGLAS | ) | **DISCLOSURE STATEMENT** |
| COUNTY, NEBRASKA | ) | |

## I. INTRODUCTION

Sanitary and Improvement District No. 494 of Douglas County, Nebraska (the "District"), pursuant to 11 U.S.C. § 901 et seq. and 11 U.S.C. § 1125, provides this Disclosure Statement to all parties in interest in this case for the purpose of providing such parties with information which the District considers adequate to enable such parties, according to their claims in interest, to make an informed judgment about the District's proposed Plan of Adjustment ("Plan") and, on the basis thereof, to exercise the voting rights provided them under the Plan and applicable provisions of Chapter 9 of the Bankruptcy Code.  All capitalized terms shall have the meaning given to them in the Plan, unless context clearly requires otherwise.

The Disclosure Statement and Plan of Adjustment of the District constitute the statements and representations of the District.  No warranty is intended or implied as to the accuracy or adequacy of data presented or opinions expressed, nor may a creditor or other person construe that data provided by or recommendations made by the District's counsel, Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., the District's accountants, Lutz & Company, P.C., and the District's fiscal agent, D.A. Davidson & Co., as warranty of the accuracy and adequacy of the contents of the Disclosure Statement and Plan of Adjustment.  No dealer, broker, salesman, or other person has been authorized by the District to give any information or make any representation other than as set out by the District in this Disclosure Statement and the Plan of Adjustment.

No representations concerning the District or the Plan, particularly as to its future business operations or the value of its property, are authorized by the District except as set forth in this Disclosure Statement.  You should rely on no representations or inducements offered to secure your acceptance other than those contained in this Disclosure Statement.  Any representations or inducements not contained herein should be reported to the undersigned attorney for the District,

who in turn shall report such information to the Court for such action as it may deem appropriate.

The information set out in this Disclosure Statement and the Plan of Adjustment has been compiled on behalf of the District from sources believed to be reliable.  Some of the information contained herein has not been subjected to a certified audit.  Counsel for the District has not verified the information set forth herein, but has no actual knowledge of any inaccuracies.  The records kept by the District may not have always been complete, and the accuracy of information in this Disclosure Statement is dependent upon the reliability of the District's records.  For the foregoing reasons, as well as because of the complexity of the District's financial matters, the District is unable to warrant or represent that the information contained herein is without any inaccuracy, although great effort has been made to be accurate.  The information is not to be construed as a representation by counsel, fiscal agent, or accountant.

The information and expressions of opinion are made subject to change and neither the delivery of said Disclosure Statement and Plan of Adjustment, nor the acceptance of the Plan by the Court, nor the exchange of securities, if any, made by creditors or holders of securities of the District, shall create any implication that there has been no change in the information or opinion set forth in said Disclosure Statement and Plan of Adjustment.

Any proposed plan for the exchange of securities and any projections made concerning the probability or possible recovery of the value of any investment made in any series or any type of security or debt instrument of the District is contingent upon a variety of circumstances and conditions and the holder of any class of security or debt of the District accepts and assumes all risk as to the ability of the District to meet its obligations under any Plan of Adjustment ultimately confirmed by the Bankruptcy Court.  Further, no assurances are given nor implied that the Plan as initially proposed or such Plan as might finally be confirmed by the Bankruptcy Court represents the best plan, or that other alternatives may or may not exist which might result in a greater or lesser recovery of assets by any creditor or holder of securities of the District.

## II.  USE AND PURPOSE OF DISCLOSURE STATEMENT

The purpose of this Disclosure Statement is to allow the creditors of the District to better understand the matters surrounding the bankruptcy of the District. The Disclosure Statement outlines the history of the District, its operations and its financial status.

The historical information contained in this Disclosure Statement is based upon the records of the District. The facts set forth in this Disclosure Statement have been compiled from the most reliable sources available. While the District does not guarantee the accuracy of all information contained herein, it has used its best efforts to provide the most reliable information available in this Disclosure Statement.

The information contained within this Disclosure Statement should be carefully reviewed. It may be advisable for a creditor of the District to consult with his or her investment, tax, and/or legal advisor. An understanding of the information set forth in this Disclosure Statement will provide the necessary background for the creditors of the District to make an informed decision regarding the Plan.

## III.  <u>BACKGROUND</u>

In order to properly understand the operations of the District, this section of the Disclosure Statement will provide general information regarding a sanitary and improvement district ("SID") and specific information regarding the District. While not all information applying to SIDs generally may apply to the District, the general information is provided as a context for the District's current operations.

A.      **General SID Overview.** A SID is a municipal corporation. In many ways, a SID is similar to a small city or village. A SID is responsible for the construction of public improvements, such as roads and utilities, within its geographic boundaries. A SID has taxing authority under Nebraska law, and the owners of real estate located within the SID pay property taxes to the SID in exchange for any benefits provided. Unlike other municipal corporations, a SID does not have police power. Services such as police and fire department protection are provided through arrangements with nearby city or county governments.

The majority of a SID's expenditures occur before it has significant tax revenue. Taxes collected by a SID are based upon the assessed value of the real estate within the SID's boundaries. In the beginning, a SID usually consists of unimproved property, and this unimproved property, without street access or utilities, is assessed at a low value per acre or per square foot. The SID expends significant sums of money in installing roads, sewer, power, and other infrastructure. Once these improvements are installed, the values of the lots within the SID's boundaries are increased in

value, and are marketable to individual owners.

The owners of lots within the SID will then construct buildings, such as homes, on these individual lots. These buildings will increase the tax base of the SID, in turn increasing the SID's tax income. With the initial improvements installed by the SID in place, the SID's cost of operation may decrease at the same time as the tax income increases.

A SID levies annual real estate taxes to pay its annual operating expenses and to help pay for the cost of public improvements.   The portion of the annual real estate taxes used to pay a SID's annual operating expenses are paid to its general fund and the portion of the annual real estate taxes used to help pay the cost of the SID's public improvements are paid to its construction/bond fund. A SID also levies special assessments against the real property benefitted for the cost of the installation of the public improvements in an amount and to the extent of special benefit to the property.   The collected special assessments, taxes and other revenue together with proceeds from bond issues of the SID are also deposited in the bond fund.   The cash in the bond fund is used to create a sinking fund to retire the bonds and redeem the SID's outstanding warrants.

**B.     History of the District.**

i.     Formation.  The District was legally formed as a SID under Nebraska law on January 6, 2005.  The District is a residential development located north and west of 136th and Blondo in Omaha, Douglas County, Nebraska.  The residential development is commonly known as "Green Meadows."   Green Meadows subdivision was platted in 1956 and originally contained approximately eight hundred sixteen (816) single family lots over one hundred sixty (160) acres.  The District was formed when a majority of the owners of property within Green Meadows subdivision filed a Petition in the District Court of Douglas County requesting formation of a sanitary and improvement district under Neb. Rev. Stat. Section 31-727 et seq.    A map of the entire area platted is attached hereto as Exhibit "A" and is incorporated herein by this reference.

ii.     Development Status.  Prior to formation of the District, Green Meadows was mostly undeveloped with dirt roads, septic systems and water wells, and there was a government-imposed moratorium on construction of homes due to the substandard water and sewer systems.   The property owners organized to form the District with the intention of

4

contracting for the construction of public improvements to allow further development of the lots in the District. The public improvements are being constructed in phases to allow orderly development of the lots in the District. Phase I of the public improvements, providing for water improvements to all of the lots in the District and storm sewer, sanitary sewer and paving to the northeast corner of the subdivision, have been completed. Additional phases of public improvements will be approved as lots are sold. Although originally platted with eight hundred sixteen (816) single family lots, the reconfiguration of streets and the construction of many of the homes currently constructed in the District on more than one lot has reduced the total number of buildable lots in the subdivision to an estimated six hundred fifty-four (654). There are currently one hundred one (101) homes constructed in the District.

iii.     <u>Present Financial Status</u>. The District has outstanding construction fund warrants of Two Million Four Hundred Sixty-five Thousand Two Hundred Ninety-seven Dollars and 32/100 ($2,465,297.32) as of December 31, 2012. Unpaid accrued interest on those warrants as of December 31, 2012 was One Hundred Fifty-three Thousand Three Hundred Seventy-five Dollars and 95/100 ($153,375.95). Additionally, outstanding general fund warrants of Thirty-seven Thousand Fifty-four Dollars and 29/100 ($37,054.29) and interest accrued thereon in the amount of One Thousand One Hundred Seventy-nine Dollars and 42/100 ($1,179.42) remained outstanding as of December 31, 2012. Finally, the District issued Bonds on or about June 15, 2008 and the balance outstanding on such bonds as of December 31, 2012 was One Million Two Hundred Ninety Thousand ($1,290,000.00).

As of December 31, 2012, the District held cash and investments in the amount of One Million Three Hundred Thousand Five Hundred Fourteen Dollars and 59/100 ($1,341,514.59). In addition there were special assessments due as of December 31, 2012 in the amount of approximately One Million Two Hundred Thousand Dollars and 00/100 ($1,200,000.00), including accrued interest. Based on the 2012 tax valuations, the value of all property within the District (the "Tax Base") is Eighteen Million Four Hundred Sixty-five Thousand Five Hundred Sixty Dollars and 00/100 ($18,465,560.00). Attached hereto as Exhibit "B" and made a part hereof by this reference are the basic financial statements with

supplementary information and accompanying independent auditor's reports for the year ending June 30, 2012 for the District.

iv.     <u>Full Development Valuation</u>. The full Tax Base of the District upon completion of construction on all lots included in Phase I and previously constructed homes in the subdivision prior to the new infrastructure being installed is an estimated Thirty Million Dollars ($30,000,000.00).

v.     <u>Problems in Paying Warrants in Full</u>. The problem in Green Meadows is the size of its indebtedness, lack of cash and insufficient Tax Base.  Some of the special assessments levied on lots in Phase I have not been paid timely and, as a result, the District lacks the cash to pay the Construction Fund Warrants in full.  In addition, homes have not been built on the buildable lots as quickly as originally anticipated and, consequently, the Tax Base did not increase as anticipated.  Construction of homes in the development will increase the Tax Base, thereby increasing tax receipts to pay the outstanding indebtedness.  However, a tax rate that is excessively high and above other districts in the area will keep away buyers and impair the ability of the District to reach full valuation within a reasonable period of time.  In addition, Nebraska Revised Statute § 31-755 clearly states that a sanitary and improvement district need not levy an ad valorem real estate tax to fund the retirement of warrants which is unreasonably high when compared with other comparable property within the county.

vi.     <u>Bankruptcy</u>.  In analyzing its ability to pay its debts, the District has considered a number of options. Although the District is not in a position to directly control development, it has considered both raising its tax levy to increase current income and decreasing its tax levy to promote development.  In addition, the District has considered taking action to collect the outstanding special assessments through various means including, but not limited to, foreclosure. Ultimately, the District has determined, after careful consideration, that none of these solutions alone would be sufficient to raise the funds necessary to pay the existing debts as they come due. The District, through its Board of Trustees, came to the difficult conclusion that a restructuring of the District's debt through a Chapter 9 bankruptcy provided the best opportunity to pay all creditors a maximum return.  Therefore, the Board of Trustees

of the District authorized the preparation of the Plan of Adjustment, this Disclosure Statement and a Ballot to be disseminated to Construction Fund Warrant Holders of the District.

## IV.  CLASSES OF CREDITORS

The District has three (3) distinct classes of creditors at this time. Due to provisions of the Nebraska statutes, the Code and practical considerations, the debts of these creditors will be paid as follows:

**A.**　　**Administrative Expenses.** Administrative expenses are expenses incurred by the District during the course of the bankruptcy. As no party would perform work for a bankruptcy debtor without a guaranty of payment, the Code provides that administrative expenses will be paid in full from the assets of the Debtor. In accordance with the Plan and the Code, all holders of administrative claims will be paid in full from available funds held by the District. These expenses can be significant in a bankruptcy which is not approved by creditors prior to filing.

**B.**　　**General Fund Warrant Holders.** General Fund Warrants issued prior to the filing of bankruptcy were issued in payment for services provided directly to the District. Such warrants are issued to professionals and to contractors providing street repairs, utility companies, and other contractors performing work directly for the District. Retaining these service providers to perform future services to the District is important for the District's continued viability. In order to allow the continued operation of the District at standard levels of service, General Fund Warrant Holders shall be paid in full from available funds held by the District.

**C.**　　**Bonds.** The Bonds were issued prior to the filing of bankruptcy in accordance with Neb. Rev. Stat. §31-755 and must be paid in accordance with their terms.

**C.**　　**Construction Fund Warrants.** Construction Fund Warrants make up the remainder of the District's debt. For the reasons outlined above, other debts of the District must be paid in full. In a traditional Chapter 9 bankruptcy, Construction Fund Warrants would be paid some percentage of their value over a short period of time and then terminated regardless of the amount repaid. In this case, the District seeks the potential to repay Construction Fund Warrant Holders in full based upon future income of the District.

In exchange for the cancellation of outstanding Construction Fund Warrants, Pre-petition Construction Fund Warrant Holders will be provided with Certificates in accordance with the terms of the Plan, which will continue to receive payments on a pro rata basis as a percentage of the total outstanding Certificates until the principal thereof and accrued interest are paid in full.

## V. <u>DISTRICT OPERATIONS UNDER THE PLAN</u>

The general goal of the Plan is three-fold. First, the Plan allows the District to continue to operate. Second, the Plan maintains the quality of life for the residents of the District which, in turn, will foster new construction, thus creating additional income for the District. Finally, the operation of the District, together with the increased income of the District, will be used in every way possible to make every effort to repay each and every creditor of the District.

A.     **<u>District Operations.</u>** As provided for in the Plan, the General Fund budget of the District is Seventy-Three Thousand Eight Hundred Sixty-two Dollars and 00/100 ($73,862.00) for the 2012/2013 fiscal year which equates to a General Fund Levy of Forty Cents ($0.40) per One Hundred Dollars ($100.00) of valuation.  The District will be entitled to increase the foregoing amount two and one half percent (2.5%) per year after the 2012/2013 fiscal year of existing tax basis. This budget allows for payment of operating expenses as they arise, as well as allowing the District to set aside any excess within this set budget for payment of future expenses. The District may not exceed this budget without an order of the Court.

B.     **<u>Payment of Debt Other Than Construction Fund Warrants.</u>**  The remaining income of the District, other than the District's operating budget, will be used in the payment of the Bonds as they become due, prior to payment of the Certificates issued under the terms of the Plan. The District will maintain a sinking fund for repayment of the Bonds as they become due.

C.     **<u>Payment of Existing Construction Fund Warrant Holders</u>**. The remaining funds of the District not spent or allocated above, shall be used for the repayment of the Pre-petition Construction Fund Warrant Holders. The Pre-petition Construction Fund Warrant Holders will have their Warrants exchanged for Certificates issued in accordance with the terms of the Plan.  The Certificates will be paid in accordance with the terms of the Plan.

D.     **<u>Projected Repayment of Certificate Holders.</u>** As outlined above, the Plan takes a

fairly simple approach to the repayment of the Certificate holders. All other expenses of the District are either fixed or minimized. The District is not given the discretion to spend any of its available income other than as determined by the Plan during the term when Bonds and Certificates are outstanding.  As homes are constructed in the District, the valuation of the District will increase. The increase in property values, and the related increase in the District's income, inures to the benefit of the Certificate holders.

Future construction and valuation provide income to the District, and payment to Certificate holders, in two ways. First, the taxes directly paid to the District increase. Second, increased valuation provides the District the opportunity to issue Post-Petition Bonds.  The Certificates will be junior to any Post-Petition Bonds.  The sale of such Post-Petition Bonds would result in the ability of the District to make pro-rata payments on the Certificates.

The two variables affecting the income of the District, the number of homes built and the average value of such homes, may vary for a number of reasons. The cost of construction, the local real estate market and the regional and national economy, among other factors, will all affect the District on a year-to-year basis. A housing boom combined with general economic growth will increase the income of the District to allow higher payments to the holders of the Bonds and Certificates. In the event of a prolonged downturn in the housing market, the actual income of the District will not be as high.  However, notwithstanding the market forces, the Plan allows for a few good years to make up for a few bad years.

Another factor affecting the District's ability to pay the Certificates is the collection of special assessments.  As a general rule, as lots in a SID are sold, the outstanding special assessments levied against the lots are paid.  Since many of the lots in the District have not been sold to buyers who intend to build homes, the District has unpaid special assessments.  The District intends to take action to collect the unpaid special assessments in order to generate revenues to pay the Certificates.

E.      **Additional Public Improvements**.  The District reserves the right to construct additional public improvements in the District prior to payment of the full amounts due under the Certificates.  The construction of additional public improvements will promote further development of the property in the District which will increase the District's tax valuation.  A higher tax valuation results in increased tax revenues for the District.  The Holders of the Certificates will benefit from

9

the increased tax revenues generated by the increase in the District's valuation.  However, in order to construct additional public improvements that will allow additional development of the property in the District, Construction Fund Warrants will be issued by the District and the payment of such warrants will be superior to payment of the Certificates.  As a result, the District has determined that the construction of additional public improvements will be performed in Phases identified by the District and the Fiscal Agent.

Upon confirmation of the Plan, the District shall be entitled to construct additional public improvements in one (1) Phase at a time until all Phases are fully developed or the Certificates are paid in full, whichever is earlier.  Each Phase will consist of approximately twenty (20) lots or less.  If the Board, by resolution duly adopted, reasonably determines that eighty percent (80%) of the lots within a Phase will be sold within one (1) year after construction of the public improvements in that particular Phase, and the Fiscal Agent concurs with the Board's resolution, the District shall be entitled to construct additional public improvements in the Phase identified by the Board.  In such event, the District shall be entitled to issue Construction Fund Warrants to pay for such public improvements.  If the District elects to construct additional public improvements in a Phase as provided herein while the Certificates are outstanding, the District shall levy special assessments as provided by Nebraska law for one hundred percent (100%) of the cost of such improvements.  All proceeds of such special assessments shall, initially, be used to pay such Construction Fund Warrants and such Construction Fund Warrants shall be superior to the Certificates as to the proceeds of such special assessments.  Upon payment of the full amounts due under the Certificates, the District will be entitled to return to conventional financing of capital improvements to be constructed in the future.

F.      **Additional Expenditures**. This Disclosure Statement does not attempt to set forth each and every aspect of the District's operations under the Plan. The Plan should be reviewed together with this Disclosure Statement. Uncommon expenses of the District are subject to change based upon the Plan as submitted and approved by the creditors of the District and the Bankruptcy Court.

G.      **Redemption of Construction Fund Warrants**. Once the Plan is approved, Pre-petition Construction Fund Warrant Holders must tender their Pre-Petition Construction Fund

10

Warrants to the Disbursing Agent to exchange their Warrants for Certificates within 30 days after the Effective Date of the Plan. The Pre-petition Construction Fund Warrants will no longer be of any value if not timely tendered to the Disbursing Agent. As the finances of the District allow, Certificate holders will receive payment in accordance with the terms of the Plan until paid in full.

## VI.  <u>CONFIRMATION OF THE PLAN</u>

Pre-petition Construction Fund Warrant Holders are the only creditors required to exchange their Warrants for Certificates under the terms of the Plan. The Pre-petition Construction Fund Warrant Holders are the only class of creditors impaired under the Plan and thus required to approve the Plan.  Pre-petition Construction Fund Warrant Holders will be provided a ballot to indicate their approval or disapproval of the Plan. If the Plan is approved by one-half (1/2) in number and two-thirds (2/3) in value of these Pre-petition Construction Fund Warrant Holders voting, it will likely be confirmed by the Bankruptcy Court.


Dated:  May 23, 2013.

<div style="margin-left:40%;">

SANITARY AND IMPROVEMENT
DISTRICT NO.   494 OF DOUGLAS COUNTY,
NEBRASKA,


By: */s/ Martin P. Pelster*_____
    Martin P.   Pelster, #19223
Of  CROKER, HUCK, KASHER, DeWITT,
   ANDERSON & GONDERINGER, L.L.C.
   2120 South 72nd Street, Suite 1200
   Omaha, Nebraska 68124
   (402) 391-6777

</div>

11

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A MUNICIPALITY

I, the authorized officer or an authorized agent of the municipality named as Debtor in this case, declare under penalty of perjury that I have read the foregoing Disclosure Statement and that it is true and correct to the best of information and belief.

Date:  May 23, 2013.


By:   _/s/*Charles W. Buell*_____
Its:   Chairman, Sanitary & Improvement
       District No. 494 of Douglas County,
       Nebraska


00503473.DOC



EXHIBIT

"A"

## Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Basic Financial Statements and
Independent Auditors' Report**

**June 30, 2012**





# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Index**

| | Page |
|---|---|
| Independent Auditors' Report | 1-2 |
| | |
| Basic Financial Statements | |
| Governmental Funds Balance Sheet/Statement of Net Assets | 3 |
| Governmental Fund Revenues, Expenditures and Changes In Fund Balances/Statement of Activities | 4 |
| Notes to Basic Financial Statements | 5-13 |

## REQUIRED SUPPLEMENTARY INFORMATION

| | | Schedule |
|---|---|---|
| Schedule of Revenue, Expenditures and Changes in Fund Balance-Budget and Actual (Budgetary Basis) – General Fund | 1 | 14 |
| Schedule of Revenue, Expenditures and Changes in Fund Balance-Budget and Actual (Budgetary Basis) – Debt Service Fund | 2 | 15 |

## SUPPLEMENTAL INFORMATION

| | | |
|---|---|---|
| Information Required by Section 31-740, Reissue Revised Statute of Nebraska, 1998 | 3 | 16 |
| District Trustees and Related Bonds | 4 | 17 |
| Independent Auditors' Report on Internal Control Over Financial Reporting and on Compliance and Other Matters Based on an Audit of Financial Statements Performed in Accordance with *Government Auditing Standards* | | 18-20 |

13616 California Street, Suite 300
Omaha, NE 68154-5336
p: 402.496.8800
f: 402.496.2711
www.lutzcpa.com



**INDEPENDENT AUDITORS' REPORT**

Board of Trustees
Sanitary and Improvement District No. 494 of Douglas County, Nebraska

We have audited the accompanying financial statements of the governmental activities and each major fund of Sanitary and Improvement District No. 494 of Douglas County, Nebraska, as of and for the year ended June 30, 2012, which collectively comprise the District's basic financial statements as listed in the index. These financial statements are the responsibility of the District's Trustees. Our responsibility is to express opinions on these basic financial statements based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in *Government Auditing Standards*, issued by the Comptroller General of the United States. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by the Trustees, as well as evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinions.

In our opinion, the financial statements referred to above present fairly, in all material respects, the respective financial position of the governmental activities and each major fund of Sanitary and Improvement District No. 494 of Douglas County, Nebraska, as of June 30, 2012, and the results of its operations for the year then ended in conformity with accounting principles generally accepted in the United States of America.

The budgetary comparison information on pages 14 through 15 is not a required part of the basic financial statements but is supplementary information required by accounting principles generally accepted in the United States of America. We have applied certain limited procedures, which consisted principally of inquiries of management regarding the methods of measurement and presentation of the required supplementary information. However, we did not audit the information and express no opinion on it.

The District's management has elected to omit management's discussion and analysis from the basic financial statements. The management's discussion and analysis information is not a required part of the basic financial statements but is supplementary information required by accounting principles generally accepted in the United States of America.

Sanitary and Improvement District No. 494 of Douglas County, Nebraska
Page 2

Our audit was conducted for the purpose of forming an opinion on the financial statements that collectively comprise the District's basic financial statements. The Information Required by Section 31-740, Reissue Revised Statute of Nebraska, 1998 on page 16 and District Trustees and Related Bonds on page 17 are presented for purposes of additional analysis and are not a required part of the basic financial statements. The information on pages 16 and 17 has not been subjected to the auditing procedures applied in the audit of the basic financial statements and, accordingly, we express no opinion on them.

In accordance with *Government Auditing Standards,* we have also issued a report dated December 15, 2012, on our consideration of Sanitary and Improvement District No. 494 of Douglas County, Nebraska's internal control over financial reporting and on our tests of its compliance with certain provisions of laws, regulations, contracts and grant agreements and other matters. The purpose of that report is to describe the scope of our testing of internal control over financial reporting and compliance and the results of that testing, and not to provide an opinion on the internal control over financial reporting or on compliance. That report is an integral part of an audit performed in accordance with *Government Auditing Standards* and should be considered in assessing the results of our audit.

*Lutz & Company, P.C.*

December 15, 2012

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Governmental Funds Balance Sheet/Statement of Net Assets**

**June 30, 2012**

| | General Fund | Debt Service Fund | Total | Reconciliation (Note 7) | Statement of Net Assets |
|---|---|---|---|---|---|
| **ASSETS** | | | | | |
| Cash on Deposit | | | | | |
| County Treasurer | $ 6,607 | $ 42,538 | $ 49,145 | $ - | $ 49,145 |
| Investments | - | 1,254,658 | 1,254,658 | - | 1,254,658 |
| Receivables | | | | | |
| Property Taxes (Note 2) | 25,385 | 33,160 | 58,545 | - | 58,545 |
| Special Assessments (Note 3) | - | 898,981 | 898,981 | - | 898,981 |
| Accrued Interest Receivable | | | | | |
| Investments | - | 171 | 171 | - | 171 |
| Special Assessments (Note 3) | - | 437,768 | 437,768 | - | 437,768 |
| Bond Issue Costs, Net of Accumulated | | | | | |
| Amortization of $19,158 | - | - | - | 76,631 | 76,631 |
| Capital Assets, Net of | | | | | |
| Accumulated Depreciation (Note 4) | - | - | - | 1,586,451 | 1,586,451 |
| **TOTAL ASSETS** | $ 31,992 | $ 2,667,276 | $ 2,699,268 | $ 1,663,082 | $ 4,362,350 |
| | | | | | |
| **LIABILITIES** | | | | | |
| Accounts Payable | $ 5,526 | $ 8,352 | $ 13,878 | $ - | $ 13,878 |
| Registered Warrants | | | | | |
| Payable (Note 5) | 48,191 | - | 48,191 | 2,455,727 | 2,503,918 |
| Accrued Interest on | | | | | |
| Registered Warrants (Note 5) | 2,374 | 66,287 | 68,661 | - | 68,661 |
| Bonds (Note 6) | - | 2,514 | 2,514 | - | 2,514 |
| Bonds Payable (Note 6) | | | | | |
| Due Within One Year | - | - | - | 45,000 | 45,000 |
| Due After One Year | - | - | - | 1,245,000 | 1,245,000 |
| Deferred Revenue | - | - | - | 58,545 | 58,545 |
| Total Liabilities | 56,091 | 77,153 | 133,244 | 3,804,272 | 3,937,516 |
| | | | | | |
| **COMMITMENTS AND CONTINGENCIES** (Notes 5 and 8) | | | | | |
| | | | | | |
| **FUND BALANCE (DEFICIT)/NET ASSETS** | | | | | |
| Unassigned, Reported in | | | | | |
| General Fund | (24,099) | - | (24,099) | 24,099 | - |
| Restricted, Debt Service Fund | - | 2,590,123 | 2,590,123 | (2,590,123) | - |
| Total Fund Balance (Deficit) | (24,099) | 2,590,123 | 2,566,024 | (2,566,024) | - |
| | | | | | |
| **TOTAL LIABILITIES AND FUND BALANCE** | $ 31,992 | $ 2,667,276 | $ 2,699,268 | | |
| | | | | | |
| **NET ASSETS (DEFICIT)** | | | | | |
| Invested in Capital Assets, Net of | | | | | |
| Related Debt | | | | (2,141,190) | (2,141,190) |
| Unassigned | | | | (24,099) | (24,099) |
| Restricted for Debt Service | | | | 2,590,123 | 2,590,123 |
| **TOTAL NET ASSETS** | | | | $ 424,834 | $ 424,834 |

See Notes to Basic Financial Statements.

3

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

Governmental Fund Revenues, Expenditures and
Changes in Fund Balances/Statement of Activities

Year Ended June 30, 2012

| | General Fund | Debt Service Fund | Total | Reconciliation (Note 7) | Statement of Activities |
|---|---|---|---|---|---|
| **REVENUES/RECEIPTS** | | | | | |
| Property Taxes (Note 2) | $ 68,026 | $ 76,532 | $ 144,558 | $ (8,035) | $ 136,523 |
| Interest on | | | | | |
| Property Taxes (Note 2) | 290 | 245 | 535 | - | 535 |
| Investments | - | 463 | 463 | - | 463 |
| Special Assessments (Note 3) | - | 122,234 | 122,234 | - | 122,234 |
| State Motor Vehicle Tax Allocation | 206 | 221 | 427 | - | 427 |
| Total Revenue/Receipts | 68,522 | 199,695 | 268,217 | (8,035) | 260,182 |
| | | | | | |
| **EXPENDITURES/EXPENSES** | | | | | |
| Current: | | | | | |
| Collection Fees- County Treasurer | 1,269 | 5,207 | 6,476 | - | 6,476 |
| Amortization of Bond Issue Costs | - | - | - | 4,789 | 4,789 |
| Bond Maintenance Costs | - | 700 | 700 | - | 700 |
| Depreciation (Note 4) | - | - | - | 57,873 | 57,873 |
| Engineering | 1,330 | - | 1,330 | - | 1,330 |
| Fiscal Agent Fees | 993 | 35 | 1,028 | - | 1,028 |
| Insurance | 1,264 | - | 1,264 | - | 1,264 |
| Interest on | | | | | |
| Registered Warrants (Note 5) | 4,338 | 164,821 | 169,159 | - | 169,159 |
| Maintenance | 2,384 | - | 2,384 | - | 2,384 |
| Professional Fees | 24,402 | 17,081 | 41,483 | - | 41,483 |
| Bonds Payable (Note 6) | | | | | |
| Principal | - | 40,000 | 40,000 | (40,000) | - |
| Interest | - | 62,743 | 62,743 | - | 62,743 |
| Total Expenditures/Expenses | 35,980 | 290,587 | 326,567 | 22,662 | 349,229 |
| | | | | | |
| Excess (Deficiency) of Revenues/Receipts Over Expenditures/Expenses | 32,542 | (90,892) | (58,350) | (30,697) | (89,047) |
| | | | | | |
| **OTHER FINANCING SOURCES (USES)** | | | | | |
| Warrants Issued (Note 5) | - | 175,270 | 175,270 | (175,270) | - |
| Total Other Financing Sources (Uses) | - | 175,270 | 175,270 | (175,270) | - |
| | | | | | |
| Excess (Deficiency) of Revenues /Receipts and Transfers in Over (Under) Expenditures/ Expenses and Transfers Out | 32,542 | 84,378 | 116,920 | (116,920) | - |
| | | | | | |
| Change in Net Assets | | | | (89,047) | (89,047) |
| | | | | | |
| Fund Balance (Deficit)/Net Assets, Beginning of Year | (56,641) | 2,505,745 | 2,449,104 | - | 513,881 |
| | | | | | |
| **Fund Balance (Deficit)/Net Assets, End of Year** | $ (24,099) | $ 2,590,123 | $2,566,024 | $ - | $ 424,834 |

See Notes to Basic Financial Statements.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

Notes to Basic Financial Statements

June 30, 2012

## 1.  Summary of Significant Accounting Policies

The accounting policies of Sanitary and Improvement District No. 494 of Douglas County, Nebraska conform to generally accepted accounting principles as applicable to governmental units.  The following is a summary of the District's significant policies.

### Reporting Entity

Sanitary and Improvement District No. 494 of Douglas County, Nebraska (the District), formed on January 14, 2005, is a governmental subdivision authorized under the statutes of the State of Nebraska.  The District operates under an elected Board of Trustees, which governs all activities related to streets, utility systems, and other public improvements within the jurisdiction of the District. The accompanying basic financial statements present the District's primary government unit and no component units because the District does not have any component units.

The District has implemented GASB Statement No. 34, *Basic Financial Statements – and Management's Discussion and Analysis – for State and Local Governments* (GASB Statement No. 34), GASB Statement 37, *Basic Financial Statements – and Management's Discussion and Analysis – for State and Local Governments: Omnibus* which provides additional guidance for the implementation of GASB Statement No. 34, and GASB Statement No. 38, *Certain Financial Statement Disclosures* which changes note disclosure requirements for governmental entities.

The District has implemented GASB Statement No. 54, *Fund Balance Reporting and Governmental Fund Type Definitions*, which provides additional guidance on fund balance classifications and clarifies existing guidance on governmental fund type definitions.  GASB No. 54 requires the District to identify amounts that are considered nonspendable and provides for additional classification of spendable amounts as restricted, committed, assigned, and unassigned based on the relative strength of the constraints that control how specific amounts can be spent.

Private sector standards of accounting and financial reporting issued prior to December 1, 1989, generally are followed in both the government-wide and fund financial statements to the extent they do not conflict or contradict guidance of the GASB.

### Basic Financial Statements

The District Government-Wide Financial Statements include a Statement of Net Assets and a Statement of Activities and Changes in Net Assets.  These statements present summaries of Governmental Activities.  These statements are presented on an *economic resources measurement focus* and the *accrual basis of accounting*.  Accordingly, all of the Districts assets and liabilities, including capital assets as well as infrastructure assets and long-term liabilities, are included in the accompanying Statement of Activities presents changes in net assets.  Under the accrual basis of accounting, revenues are recognized in the period in which they are earned while expenses are recognized in the period in which the liability is incurred.  Governmental activities include programs supported primarily by taxes, special assessments and other intergovernmental revenues.  The District has no business type activities that rely, to a significant extent, on fees and charges for support.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

**June 30, 2012**

The basic financial statements provide reports on the financial condition and results of operations for the District. The District reports the two major governmental funds' financial condition and results of operations in separate columns.

### *Use of Estimates*

The preparation of basic financial statements in conformity with accounting principles generally accepted in the United States of America requires the District's Trustees to make estimates and assumptions that affect the reported amounts of assets and liabilities and disclosure of contingent assets and liabilities at the date of the basic financial statements and the reported amounts of revenues and expenditures/expenses during the reporting period. Actual results could differ from those estimates.

### *Fund Accounting*

The District used funds to maintain its financial records during the year. A fund is defined as a fiscal and accounting entity with a self-balancing set of accounts. The District only used governmental funds. The following governmental funds are used by the District.

### Governmental Funds

Governmental funds are those through which most general governmental functions of the District are financed. These funds are accounted for using the current financial resources measurement focus. Under this measurement focus, only current assets and liabilities are included on the balance sheets, and the operating statements present sources and uses of available financial resources during a given period. The following major governmental funds are used by the District:

- **General Fund**

  The general fund is the general operating fund of the District. It is used to account for all financial resources except those required to be accounted for in another fund.

- **Debt Service Fund**

  The debt service fund is used to account for the accumulation of resources for, and the payment of, long-term debt principal, interest and related costs anticipated to be settled during the next fiscal year.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

June 30, 2012

### Basis of Accounting

Governmental fund financial statements are reported using the *current financial resources measurement focus* and the *modified accrual basis of accounting.* Revenues are recognized as soon as they are both measurable and available. Revenues are considered to be available when they are collectible within the current period or soon enough thereafter to pay liabilities of the current period. For this purpose, the government considers revenues to be available if they are collected within thirty-one days of the end of the current fiscal period. Expenditures generally are recorded when a liability is incurred, as under accrual accounting.

### Budgets and Budgetary Accounting

The District is required to adopt an annual operating budget for all the funds over which the District controls. The budget is adopted using a cash basis of accounting which differs significantly from generally accepted accounting principles. Under the cash basis of accounting, revenues and expenditures are recorded when cash is received or paid, respectively. Payment is deemed to have been made when warrants are issued.

The District follows these procedures in establishing the budgetary data reflected in the financial statements:

(1)  In September of each year, the District submits a proposed operating budget for all funds to the real estate owners of the District.
(2)  Notice of place and time of public hearings must be published prior to the public hearings.
(3)  Public hearings are conducted to obtain taxpayer comment.
(4)  After publication and hearing, the budget is legally adopted by majority vote of the Board. The District is required to file a copy of the adopted budget with the County Clerk and the Nebraska Auditor of Public Accounts in accordance with the Nebraska Budget Act.
(5)  The budget is adopted on a per-fund basis and budgetary control is exercised at the fund level.
(6)  The Board of Trustees may authorize supplemental appropriations during the year. (No such appropriations were made during the fiscal year ended June 30, 2012.)

### Investments

The District is allowed to invest funds as permitted by Nebraska Statute 77-2341, R.R.S., 1990, and allowable investments generally include U.S. government obligations, certificates of deposit, and time deposits. The District's investments during the year ended June 30, 2012, consisted of U.S. Treasury bills.

All investment activities are conducted through the County Treasurer. Treasury bills are bought and held in safekeeping by the County Treasurer in the District's name.

Investments are stated at fair value.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

**June 30, 2012**

*Property Taxes*

Property tax revenues are recognized when a legal and enforceable claim is assessed against the property. Delinquent taxes are considered fully collectible; therefore, no allowance for uncollectible taxes is provided.

*Special Assessments*

Revenue on special assessments is recognized when the specials are assessed. Special assessments are considered fully collectible; therefore, no allowance for uncollectible fees are provided.

*Capital Assets*

Capital assets are stated at cost in accordance with construction contracts and other costs applicable thereto. Interest accrued on warrants issued for the construction of improvements is capitalized during the period of construction. The costs of improvements disposed and the related accumulated depreciation are eliminated from the accounts in the year of disposal. Gains or losses from property disposals are recognized in the year of disposal. Depreciation is computed using the straight-line method over the following estimated useful lives:

|  | Years |
|---|---|
| Storm and Sanitary Sewer Systems | 50 |
| Street Improvements | 20 |

*Deferred Revenue*

The District reports unearned deferred revenue in the governmental fund balance sheet. Deferred and unearned revenue arises when potential revenue does not meet both the measurable and available criteria for recognition in the current period. In general, monies received within thirty-one days after year-end are considered to have been for prior year services.

*Costs of Utilities*

These costs include the cost of systems for which the District does not obtain title such as electrical systems (OPPD), water distribution systems (MUD) and/or gas distribution systems (MUD). These costs are expensed as incurred.

*Bond Issue Costs*

Bond issue costs are amortized, using the straight-line method, over the life of the bond issue.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

**June 30, 2012**

### Credit Risk

The District's credit risk relates to receivables for property taxes and special assessments which are due from property owners within the boundaries of the District and cash on deposit with the Douglas County Treasurer. The District's investments are also exposed to various risks, such as interest rate, market and credit risk.

### Subsequent Events

Subsequent events are events or transactions that occur after the Governmental Funds Balance Sheet/Statement of Net Assets date but before the financial statements are available to be issued and may require potential recognition or disclosure in the financial statements. Management has considered such events or transactions through December 15, 2012 noting no items requiring disclosure.

## 2. Property Taxes

Property taxes are levied in September and attached as an enforceable lien on the assessed property as of December 31. The first half payment becomes delinquent April 1 of the following year, and the second half payment becomes delinquent August 1 of the following year. The Douglas County Treasurer bills and collects all property taxes for the District.

For 2011-2012, the District levied taxes at $.85 ($.40 in the general fund and $.45 in the debt service fund) per $100 based on a property valuation of $17,006,510.

## 3. Special Assessments Receivable

Special assessments in the amount of $2,429,053 have been levied against certain properties within the District in connection with the construction of capital assets. The assessments are due in ten annual installments and bear interest at 7.5% per annum until delinquent and 9.5% per annum thereafter until paid.

Effective July 7, 2010, the Board of Trustees resolved that the entire amount of all remaining special assessments on all lots in the District on which three or more installments are delinquent are due and payable in full and shall draw interest at 14%.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

**June 30, 2012**

## 4.  Capital Assets

Capital assets at June 30, 2012, consist of the following:

| | Costs at June 30, 2011 | Additions | Deletions | Costs at June 30, 2012 |
|---|---|---|---|---|
| Storm Sewer Systems | $      546,104 | $          - | $          - | $      546,104 |
| Sanitary Sewer Systems | 409,663 | - | - | 409,663 |
| Street Improvements | 775,154 | - | - | 775,154 |
| Right of Way/Land | 144,895 | - | - | 144,895 |
| | $   1,875,816 | $          - | $          - | 1,875,816 |
| Less Accumulated Depreciation | | | | 289,365 |
| Capital Assets, Net of Accumulated Depreciation | | | | $   1,586,451 |

## 5.  Warrants Payable

Interest accrues on the warrants from the date of registration to the date they are called for payment.

General fund warrants are due 3 years from the date of issuance.  Debt service fund warrants are due 5 years from the date of issuance.

In March 2011, the District extended approximately $1,974,000 in debt service fund warrants in order to allow time for development and valuation within the District to increase to levels that support the issuance of bonds. The extended warrants are due in December 2014.

The following is a summary of warrant transactions during the year ended June 30, 2012:

| | General Fund | Debt Service Fund |
|---|---|---|
| Balance, June 30, 2011 | $        71,216 | $  2,280,457 |
| Warrants Issued | 33,533 | 175,270 |
| Warrants Retired | (56,558) | - |
| Balance, June 30, 2012 | $        48,191 | $  2,455,727 |

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

**June 30, 2012**

Aggregate maturities of warrants outstanding are as follows:

| Year Ending June 30: | --------General Fund-------- Amount of Warrants | Interest Rate | -----Debt Service Fund----- Amount of Warrants | Interest Rate |
|---|---|---|---|---|
| 2013 | $ - | | $ - | |
| 2014 | 14,658 | 7% | - | |
| 2015 | 33,533 | 7% | 2,128,973 | 7% |
| 2016 | - | | 151,484 | 7% |
| 2017 | - | | 175,270 | 7% |
| | $ 48,191 | | $ 2,455,727 | |

There were no unregistered warrants at June 30, 2012.

## 6. Long-Term Debt

The District's long-term debt consists of general obligation bonds which are reflected in the debt service fund.

General obligation bonds totaling $1,400,000 issued June 15, 2008, with a balance of $1,290,000 at June 30, 2012, are due serially beginning June 15, 2010, through June 15, 2028. Interest is payable semi-annually on this issue at 3.85% to 5.30% per annum.

The following is a summary of bonds payable transactions of the District for the year ended June 30, 2012:

| | |
|---|---|
| Bonds Outstanding, June 30, 2011 | $ 1,330,000 |
| Bonds Retired | (40,000) |
| Bonds Outstanding, June 30, 2012 | $ 1,290,000 |

Aggregate maturities of long-term debt and interest due on long-term debt are as follows:

| Year Ending June 30: | Principal | Interest | Total |
|---|---|---|---|
| 2013 | 45,000 | 61,342 | $ 106,342 |
| 2014 | 50,000 | 59,610 | 109,610 |
| 2015 | 55,000 | 57,610 | 112,610 |
| 2016 | 60,000 | 55,356 | 115,356 |
| 2017 | 65,000 | 52,836 | 117,836 |
| 2018-2022 | 400,000 | 216,402 | 616,402 |
| 2023-2027 | 500,000 | 110,400 | 610,400 |
| 2028 | 115,000 | 6,094 | 121,094 |
| | $ 1,290,000 | $ 619,650 | $ 1,909,650 |

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

**June 30, 2012**

7.   **Reconciliation of Net Assets and Changes in Net Assets**

**Net Assets**
Total fund balance per balance sheet

$ 2,566,024

Amounts reported for governmental activities in the statement of net assets are different because:

Capital assets and bond issue costs used in governmental activities are not financial resources and therefore are not reported in the funds.

1,663,082

Some liabilities, including warrants payable and bonds payable are not due and payable in the current period and therefore are not reported in the funds.

(3,745,727)

Property tax revenue not yet earned at year end is reported as deferred revenue.

(58,545)

Net assets of governmental activities

$    424,834

**Changes in Net Assets**
Net change in fund balance

$    (58,350)

Current year property tax levy not yet earned at year end.

(8,035)

Certain expenditures do not require the use of current financial resources and therefore are not reported as expenditures of in governmental funds.

(62,662)

Repayment of bond principal is an expenditure in the governmental funds, but repayment reduces long-term liabilities in the statement of net assets.

40,000

Change in net assets of governmental activities

$    (89,047)

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Notes to Basic Financial Statements**

**June 30, 2012**

## 8.   Commitments and Contingencies

The District has entered into various contracts and agreements related to the construction of streets, utility systems and other public improvements as well as general maintenance and other operating expenses related to the District. These contracts and agreements will be completed in the future. All expenditures are initially funded by the issuance of warrants. Warrants mature as follows; General Fund warrants mature within 3 years of issuance and Debt Service Fund warrants mature in 5 years. Maturities of warrants payable are primarily funded by the issuance of bonds payable and cash flow generated from special assessments and annual property tax levies. Special assessments are levied on a per lot basis. The generation of property taxes is dependent upon the growth of the valuation base as lots are developed. In addition, the District's ability to issue bonds is dependent upon an acceptable level of valuation for the District. The District's ability to fund its obligations in the future is contingent upon the success of future lot sales and the development within the District.

### Warrant Maturity Date Extensions

The District has had difficulties paying warrant principal and interest as warrants mature due to the lack of property valuation and special assessment collection. In March 2011, the District received permission from the local court to extend the maturity date of approximately $1,974,000 in warrant principal to December 31, 2014.

### Legal Proceedings

The District is party to legal proceedings arising in the ordinary course of its operations. In the opinion of management and its legal counsel, disposition of these matters will not materially affect the District's financial position.

## REQUIRED SUPPLEMENTARY INFORMATION

**Schedule of Revenue, Expenditures and Changes in Fund Balance-
Budget and Actual (Budgetary Basis) – General Fund**

**Schedule of Revenue, Expenditures and Changes in Fund Balance-
Budget and Actual (Budgetary Basis) – Debt Service Fund**

## SUPPLEMENTAL INFORMATION

**Information Required by Section 31-740,
Reissue Revised Statute of Nebraska, 1998**

**District Trustees and Related Bonds**

---

**Independent Auditors' Report on Internal Control Over Financial Reporting
and on Compliance and Other Matters Based on an Audit of Financial
Statements Performed in Accordance with *Government Auditing Standards***

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

Schedule of Revenue, Expenditures and Changes in Fund Balance –
Budget and Actual (Budgetary Basis) – General Fund

Schedule 1

**Year Ended June 30, 2012**

| | Actual on GAAP Basis | Adjustments to Budgetary Basis | Actual on Budgetary Basis | Budget | Variance- Favorable (Unfavorable) |
|---|---|---|---|---|---|
| **REVENUES/RECEIPTS** | | | | | |
| Property Taxes | $ 68,026 | $ (2,074) | $ 65,952 | $ 65,985 | $ (33) |
| Interest on | | | | | |
| Property Taxes | 290 | - | 290 | 200 | 90 |
| State Motor Vehicle Tax Allocation | 206 | - | 206 | - | 206 |
| Total Revenues/Receipts | 68,522 | (2,074) | 66,448 | 66,185 | 263 |
| | | | | | |
| **EXPENDITURES/DISBURSEMENTS** | | | | | |
| Collection Fees- County Treasurer | 1,269 | - | 1,269 | - | (1,269) |
| Engineering | 1,330 | (684) | 646 | 12,000 | 11,354 |
| Fiscal Agent Fee | 993 | | 993 | 1,650 | 657 |
| Insurance | 1,264 | - | 1,264 | 2,500 | 1,236 |
| Interest on Registered Warrants | 4,338 | 1,142 | 5,480 | 5,000 | (480) |
| Maintenance | 2,384 | 250 | 2,634 | 5,000 | 2,366 |
| Professional Fees | 24,402 | 3,594 | 27,996 | 13,500 | (14,496) |
| Total Expenditures/Disbursements | 35,980 | 4,302 | 40,282 | 39,650 | (632) |
| | | | | | |
| Excess (Deficiency) of Revenues/Receipts over Expenditures/Disbursements | 32,542 | (6,376) | 26,166 | 26,535 | (369) |
| | | | | | |
| **OTHER FINANCING SOURCES (USES)** | | | | | |
| Warrants Issued | - | 33,533 | 33,533 | 34,650 | (1,117) |
| Warrants Retired | - | (56,558) | (56,558) | (50,000) | (6,558) |
| Total Other Financing Sources (Uses) | - | (23,025) | (23,025) | (15,350) | (7,675) |
| | | | | | |
| **EXCESS (DEFICIENCY) OF REVENUES/ RECEIPTS AND OTHER SOURCES OVER EXPENDITURES/DISBURSEMENTS AND OTHER USES** | 32,542 | (29,401) | 3,141 | $ 11,185 | $ (8,044) |
| | | | | | |
| Fund Balance (Deficit), Beginning of Year | (56,641) | 60,107 | 3,466 | | |
| | | | | | |
| **Fund Balance (Deficit), End of Year** | $ (24,099) | $ 30,706 | $ 6,607 | | |

See Independent Auditors' Report.

14

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Schedule of Revenue, Expenditures and Changes in Fund Balance –
Budget and Actual (Budgetary Basis) – Debt Service Fund**

**Schedule 2**

**Year Ended June 30, 2012**

| | Actual on GAAP Basis | Adjustments to Budgetary Basis | Actual on Budgetary Basis | Budget | Variance-Favorable (Unfavorable) |
|---|---|---|---|---|---|
| **REVENUES/RECEIPTS** | | | | | |
| Property Taxes | $ 76,532 | $ (5,963) | $ 70,569 | $ 74,233 | $ (3,664) |
| Interest on | | | | | |
| Property Taxes | 245 | - | 245 | - | 245 |
| Investments | 463 | (12) | 451 | 1,000 | (549) |
| Special Assessments | 122,234 | (83,769) | 38,465 | 50,000 | (11,535) |
| Special Assessments | - | 112,586 | 112,586 | 200,000 | (87,414) |
| State Motor Vehicle Tax Allocation | 221 | - | 221 | - | 221 |
| Total Revenues/Receipts | 199,695 | 22,842 | 222,537 | 325,233 | (102,696) |
| | | | | | |
| **EXPENDITURES/DISBURSEMENTS** | | | | | |
| Collection Fees- County Treasurer | 5,207 | - | 5,207 | 5,000 | (207) |
| Bond Maintenance Costs | 700 | - | 700 | - | (700) |
| Fiscal Agent Fees | 35 | - | 35 | - | (35) |
| Interest on Registered Warrants | 164,821 | (5,097) | 159,724 | 160,000 | 276 |
| Professional Fees | 17,081 | (2,270) | 14,811 | - | (14,811) |
| Bonds Payable | | | | | |
| Principal | 40,000 | - | 40,000 | 40,000 | - |
| Interest | 62,743 | 60 | 62,803 | 62,803 | - |
| Total Expenditures/Disbursements | 290,587 | (7,307) | 283,280 | 267,803 | (15,477) |
| | | | | | |
| Excess (Deficiency) of Revenues/Receipts over Expenditures/Disbursements | (90,892) | 30,149 | (60,743) | 57,430 | (118,173) |
| | | | | | |
| **OTHER FINANCING SOURCES (USES)** | | | | | |
| Warrants Issued | 175,270 | - | 175,270 | 160,000 | 15,270 |
| Total Other Financing Sources (Uses) | 175,270 | - | 175,270 | 160,000 | 15,270 |
| | | | | | |
| **EXCESS (DEFICIENCY) OF REVENUES/ RECEIPTS AND OTHER SOURCES OVER EXPENDITURES/DISBURSEMENTS AND OTHER USES** | 84,378 | 30,149 | 114,527 | $ 217,430 | $ (102,903) |
| | | | | | |
| Fund Balance (Deficit), Beginning of Year | 2,505,745 | (1,323,076) | 1,182,669 | | |
| | | | | | |
| **Fund Balance (Deficit), End of Year** | $2,590,123 | $(1,292,927) | $1,297,196 | | |

See Independent Auditors' Report.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**Information Required by Section 31-740**
**Reissue Revised Statute of Nebraska, 1998**                                    Schedule 3

**June 30, 2012**

| | | |
|---|---|---|
| Total Receipts From All Sources | $ | 288,985 |
| Amount Spent for Sewage Disposal | | None |
| Amount Expended on Water System | | None |
| Gross Amount of Sewage Processed | | None |
| Cost Per Thousand Gallons of Processing Sewage | | None |
| Amount Expended For | | |
|     Maintenance and Repair | $ | 2,384 |
|     New Equipment | | None |
|     New Construction Work | | None |
|     Property Purchased | | None |
| Number of Employees | | None |
| Total Amount of Taxes Levied Upon the Property | | |
|     Within the District | $ | 144,558 |

See Independent Auditors' Report.

# Sanitary and Improvement District No. 494 of Douglas County, Nebraska

**District Trustees and Related Bonds**                                    **Schedule 4**

**June 30, 2012**

| ------------------------Trustees------------------------ | | --------------------------Bonds-------------------------- | | |
| **Name** | **Office** | **Insurer** | | **Amount** |
| Charles Buell | Chairman | Western Surety Company | $ | 5,000 |
| Gary Shipley | Clerk | Western Surety Company | $ | 20,000 |
| Dan McCarty | Trustee | | | |
| Dennis Kimberlin | Trustee | | | |
| Richard Wilson | Trustee | | | |

See Independent Auditors' Report.

17



13616 California Street, Suite 300
Omaha, NE 68154-5336
p: 402.496.8800
f:  402.496.2711
www.lutzcpa.com

**INDEPENDENT AUDITORS' REPORT ON INTERNAL CONTROL OVER FINANCIAL REPORTING AND ON COMPLIANCE AND OTHER MATTERS BASED ON AN AUDIT OF FINANCIAL STATEMENTS PERFORMED IN ACCORDANCE WITH *GOVERNMENT AUDITING STANDARDS***

Board of Trustees
Sanitary and Improvement District No. 494 of Douglas County, Nebraska

We have audited the accompanying financial statements of the governmental activities and each major fund of Sanitary and Improvement District No. 494 of Douglas County, Nebraska, as of and for the year ended June 30, 2012, which collectively comprise Sanitary and Improvement District No. 494 of Douglas County, Nebraska's basic financial statements and have issued our report thereon dated December 15, 2012. We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in *Government Auditing Standards*, issued by the Comptroller General of the United States.

<u>Internal Control Over Financial Reporting</u>

In planning and performing our audit, we considered Sanitary and Improvement District No. 494 of Douglas County, Nebraska's internal control over financial reporting as a basis for designing our auditing procedures for the purpose of expressing our opinions on the financial statements, but not for the purpose of expressing an opinion on the effectiveness of Sanitary and Improvement District No. 494 of Douglas County, Nebraska's internal control over financial reporting. Accordingly, we do not express an opinion on the effectiveness of the Sanitary and Improvement District No. 494 of Douglas County, Nebraska's internal control over financial reporting.

A *deficiency in internal control* exists when the design or operation of a control does not allow management or employees, in the normal course of performing their assigned functions, to prevent, or detect and correct misstatements on a timely basis. A *material weakness* is a deficiency, or a combination of deficiencies, in internal control such that there is a reasonable possibility that a material misstatement of the entity's financial statements will not be prevented, or detected and corrected on a timely basis. A *significant deficiency* is a deficiency, or a combination of deficiencies, in internal control that is less severe than a material weakness, yet important enough to merit attention by those charged with governance.

Our consideration of internal control over financial reporting was for the limited purpose described in the first paragraph of this section and was not designed to identify all deficiencies in internal control over financial reporting that might be deficiencies, significant deficiencies, or material weaknesses. We did not identify any deficiencies in internal control over financial reporting that we consider to be material weaknesses as defined above. However, as summarized below, we identified a deficiency in internal control over financial reporting that we consider to be a significant deficiency.

Board of Trustees
Sanitary and Improvement District No. 494 of Douglas County, Nebraska
Page 2

Compliance and Other Matters

As part of obtaining reasonable assurance about whether Sanitary and Improvement District No. 494 of Douglas County, Nebraska's financial statements are free of material misstatement, we performed tests of its compliance with certain provisions of laws, regulations, contracts, and grant agreements, noncompliance with which could have a direct and material effect on the determination of financial statement amounts. However, providing an opinion on compliance with those provisions was not an objective of our audit, and accordingly, we do not express such an opinion. The results of our tests disclosed certain instances of noncompliance or other matters that are required to be reported under *Government Auditing Standards* summarized below.

Findings and Responses

*Significant Deficiency Identified:*

    *Condition*
    The District's management does not have the ability to prepare its financial statements and related footnotes in conformity with accounting standards generally accepted in the United States of America.

    *Criteria*
    Internal controls should be in place that provide reasonable assurance of the District's ability to report financial information reliably in accordance with generally accepted accounting principles.

    *Effect*
    The District cannot on its own, comply with regulatory requirements to prepare annual financial statements in accordance with generally accepted accounting principles.

    *Response*
    Management has determined it would not be cost-beneficial to establish a system of internal controls that would allow the District to prepare its own financial statements. Accordingly, the District engaged the audit firm to assist in the preparation of the statements in accordance with generally accepted accounting principles.

*Instances of Noncompliance Identified:*

    *Condition*
    The District had a budgeted shortfall in revenues/receipts of approximately $102,400 and exceeded budgeted expenditures/disbursements by approximately $16,100.

    *Criteria*
    Internal controls should be in place that monitor the District's activities for consistency with budgeted amounts.

    *Effect*
    The District did not amend the budget to account for the shortfall in revenues/receipts and exceeded expenditures/disbursements.

    *Response*
    The District's activities were not consistent with budgeted amounts due to unanticipated circumstances. The Board of Trustees will monitor the District's activities in order to effectively budget in the future.

Board of Trustees
Sanitary and Improvement District No. 494 of Douglas County, Nebraska
Page 2

We did not audit and, accordingly, we express no opinion on the District's responses to the findings identified above.

This report is intended solely for the information and use of the Board of Trustees, management, the Nebraska Auditor of Public Accounts and other audit agencies and is not intended to be and should not be used by anyone other than these specified parties.

*Lutz & Company, P.C.*

December 15, 2012

